IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLY ALLEN,

    Petitioner,

vs.

ROBERT AYERS, Warden,

    Respondent.

No. C 09-0897 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner has filed a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is **DENIED**.

## STATEMENT

In 1991, petitioner was sentenced to a term of twenty-seven years to life in prison following his conviction for first-degree murder. This petition challenges the denial of parole in 2007 by the California Board of Parole Hearings ("Board") at petitioner's initial parole hearing. Petitioner challenged the Board's decision in habeas petitions filed in all three levels of the California courts. The Stanislaus County Superior Court denied the petition in an explained opinion (Resp. Ex. 2). The California Court of Appeal and the Supreme Court of California

issued summary denials (Resp. Exs. 5, 6).

## ANALYSIS

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state

2

trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000). In this case, the last reasoned opinion is that of the Stanislaus County Superior Court denying petitioner's habeas petition (Pet. Ex. 2).

**B.  ISSUES PRESENTED**

Petitioner's remaining grounds for federal habeas relief are that (1) the Board violated his state and federal due process rights because it relied upon the facts of the commitment offense and because there was not "some evidence" that he would be a present danger to society if released; and (2) the Board's decision not to hold another hearing for four years violated his due process rights because it was not based upon "some evidence" and was an "act of reprisal" against him for filing a habeas petition.

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc). Under California law, however, "some evidence" of current dangerousness is required in order to deny parole. *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)). This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness. *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603

3

1 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24,

2 2010) (citing *Hayward*, 603 F.3d at 561-64).

3 When a federal habeas court in this circuit is faced with a claim by a California prisoner that their right to due process was violated because the denial of parole was not supported by "some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15.

10 California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement). Under California law, "the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes something in the prisoner's pre- or postincarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative of the statutory determination of a continuing threat to public safety." *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d at 562 (same); *Cooke*, slip op. at 18 (same).

The commitment offense was certainly brutal, and petitioner endangered the lives of people other than the victim. Over the course of several days, petitioner told the victim that he would kill him, before shooting and killing him at close range and also shooting and injuring

4

1  two of the victim's friends (Pet. Ex. A at 20-33). Petitioner maintained at the hearing that he
2  acted in self-defense and that the victim had a gun, although the victim's purported gun was not
3  found and the witnesses did not corroborate this account (*id.* at 31-32, 98-101). Even
4  aside from petitioner's commitment offense, there was ample other evidence that the
5  dangerousness that petitioner showed in carrying out the commitment offense might recur:
6  petitioner had a substantial criminal history prior to the commitment offense (*id.* at 34-37); he
7  received six serious rules violations in prison, the most recent in 2003 (*id.* at 50-51, 60-64); his
8  participation in self-help programs was very limited (*id.* at 57-60); and he lacked insight into his
9  crimes (*id.* at 87-91).

10  Based upon this evidence, the superior court could reasonably conclude that there was
11  "some evidence" of petitioner's current dangerousness, particularly as petitioner had only
12  served sixteen years of his sentence of twenty-seven years to life. *Cf. Lawrence*, 44 Cal.4th at
13  1211 (not until after California prisoners "have served their suggested base terms" do the
14  underlying circumstances of the commitment offense fail to provide a valid basis for denying
15  parole). There was evidence in petitioner's "pre-incarceration behavior," specifically his
16  criminal history, his "post-incarceration" record, specifically his poor disciplinary record and
17  failure to participate in self-help programs, and his demeanor at the hearing, specifically his
18  lack of insight into his crimes, that indicated "that the implications regarding the prisoner's
19  dangerousness that derive from his [] commission of the commitment offense remain probative
20  of the statutory determination of a continuing threat to public safety." *See Lawrence*, 44 Cal.
21  4th at 1214.

22  The same evidence relied upon to deny parole also constitutes "some evidence" that a
23  new parole hearing would not be necessary for four more years, at which point petitioner would
24  still be far from his suggested base term of twenty-seven years. Petitioner has cited no evidence
25  in support of his contention that the Board denied parole as "an act of reprisal" against
26  petitioner for filing a habeas petition. Rather, as is clear from the record of the parole hearing,
27  the denial was based on a detailed examination of petitioner's criminal history, his prison
28  record, his psychological reports, and his parole plans (Pet. Ex. A).

5

The state courts, in upholding the Board's decision, reasonably applied California's "some evidence" requirement and reasonably determined the facts in light of the evidence in the record. *See Hayward*, 603 F.3d at 563. Therefore, the state courts' denial of his federal due process claims was neither contrary to nor an unreasonable application of federal law, and petitioner is not entitled to habeas relief.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  17 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\ALLEN0897.RUL.wpd